IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARCUS HAYNES | § | |
| v. | § | CIVIL ACTION NO. 6:13cv848 |
| BRADLEY YANCY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Plaintiff Marcus Haynes, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Officer Bradley Yancy and Sgt. David Johnson.

## I. The Plaintiff's Allegations

Haynes complains that March 18, 2013, Officer Yancy confiscated "religious/educational literature" out of his cell. He states that Yancy came to his cell to search for gang-related evidence and found Haynes' composition notebook, which contained "religious Nation of Gods and Earths literature among other educational info." The notebook was confiscated and turned over to Sgt. Johnson, but was returned to Haynes in June of 2014.

## II. The Motion for Summary Judgment and the Response

The Defendants contend Haynes was a confirmed member of the Bloods street gang, designated as a security threat group. Haynes requested a dissociation investigation, the process by which TDCJ inmates show they have renounced their gang affiliation. Cell searches are conducted as part of this investigation.

1

When Haynes' cell was searched, a composition notebook containing "Five Percenter" paraphernalia was found.[1] The Defendants contend that such material is "a known vehicle for transmitting gang-related material." No confiscation papers were given to Haynes because the item taken was gang-related. The dissociation investigation was terminated at that time; however, Haynes' notebook was later returned to him after a determination was made that the notebook contained no gang-related materials.

The Defendants argue that Haynes sought only the return of his notebook in his lawsuit. Because this has been done, the case is moot. The Defendants also contended that their actions were objectively reasonable, entitling them to qualified immunity.

Haynes maintained in response that the case was not moot because there would have to be confirmation that the confiscation of his notebook could not happen again. He claimed the Defendants were not entitled to qualified immunity because they violated a clearly established constitutional or statutory right of which a reasonable person would have known.

## III. The magistrate judge's report

After review of the pleadings, the magistrate judge issued a report recommending that the motion for summary judgment be granted. The magistrate judge determined that Haynes' claims were moot because he requested only the return of his notebook, which has been accomplished. The magistrate judge stated that the "capable of repetition yet evading review" exception did not apply because Haynes did not show a reasonable expectation or demonstrated probability that his notebook would again be confiscated.

The magistrate judge also concluded that the Defendants were entitled to qualified immunity. The law was clearly established in 2013 that prison officials could seize contraband items and a reasonable prison official could have believed that Haynes' materials were related to a security threat

---

[1] The magistrate judge stated that followers of the Nation of Gods and Earths, an offshoot of the Nation of Islam, are referred to as "Five Percenters." *See Incumaa v. Stirling*, 791 F.3d 517, 519 (4th Cir. 2015).

group. The magistrate judge cited case law from the Fourth Circuit referring to the religious group called the "Five Percenters" as "a radical Islamic sect/criminal group" that is "often boldly racist in its views, prolific in its criminal activities, and operates behind a facade of cultural and religious rhetoric." *In re Long Term Administrative Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 467 (4th Cir. 1999). The magistrate judge stated that even if Yancy and Johnson were wrong in their characterization of the Five Percenters and that group's literature, this would be a reasonable but mistaken judgment protected by qualified immunity. The magistrate judge therefore recommended that the Defendants' motion for summary judgment be granted.

**IV. The Plaintiff's Objections**

In his objections to the report, Haynes likens his claim to the pressing of criminal charges for the theft of his property in the event his property is returned. This analogy is flawed because the present lawsuit is a civil rather than a criminal action. The doctrine of mootness in civil cases requires that parties continue to have a personal stake in the outcome of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). Thus, a claim becomes moot when the court cannot grant any effectual relief to the prevailing party. *Knox v. Serv. Emp. International Union, Local 1000*, 132 S.Ct. 2277, 2287, 183 L.Ed.2d 281 (2012).

Haynes did not ask for any relief other than the return of his notebook. The Court cannot grant this relief because the notebook has already been returned. Although Haynes refers to an incident in April of 2015 when both defendants "appeared in front of my cell and disturbed my peace," he fails to show a reasonable expectation or demonstrated probability that his notebook will again be confiscated. As the magistrate judge observed, a mere physical or theoretical possibility of recurrence is not sufficient. Haynes' objections in this regard are without merit.

Haynes also challenges the magistrate judge's determination on qualified immunity, arguing that the Five Percenters are not a gang and that the Fourth Circuit's case law is "biased and opinionated." He summarizes the history of the Five Percenters and denies that the organization is racist, noting that all religious groups have persons who engage in wrongdoing. Haynes contends

3

that the group does not accept inmates who are gang members and that his composition notebook contained only "beautiful, positive, inspiring wisdom."

The Court does not question the sincerity of Haynes' religious beliefs. However, qualified immunity gives government officials room to make reasonable but mistaken judgments. *Thompson v. Mercer*, 762 F.3d 433, 436-37 (5th Cir. 2014). Even if the Defendants and the Fourth Circuit Court of Appeals were mistaken concerning the nature of the Five Percenters, the fact that the appellate court, relying on a federal intelligence summary, characterized the group as dangerous indicates that the Defendants did not act unreasonably in coming to the same conclusion. Haynes has failed to overcome the Defendants' invocation of qualified immunity. His objections in this regard are without merit as well.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 34) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion for summary judgment (docket no. 19) is **GRANTED** and the above-styled civil action is **DISMISSED** as moot, or in the alternative, **DISMISSED** as lacking in merit because the Defendants are entitled to qualified immunity. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

**SIGNED this 22nd day of September, 2015.**

                        */s/ Michael H. Schneider*
                        MICHAEL H. SCHNEIDER
                        UNITED STATES DISTRICT JUDGE